**UNITED STATES v. McWILLIAMS et al.**

**Cr. Nos. 70153, 71203, 73086.**

District Court of the United States for the District of Columbia.

Nov. 22, 1946.

See also D.C., 54 F.Supp. 791.

Theron Lamar Caudle, of Washington, D. C., for the United States.

Maximilian J. St. George, of Chicago, Ill., and W. Hobart Little, of Washington, D. C., for Joseph E. McWilliams.

J. Austin Latimer, of Washington, D. C., for George E. Deatherage.

T. Emmett McKenzie and W. Hobart Little, both of Washington, D. C., for William Dudley Pelley.

M. Edward Buckley and John B. Gunion, both of Washington, D. C., for Edward James Smythe.

Joseph C. Turco, of Washington, D. C., for Lawrence Dennis.

M. Edward Buckley and Ira Chase Koehne, both of Washington, D. C., for Howard V. Broenstrup, Lois de Lafayette Washburn and Frank W. Clark.

Orille C. Gaudette and John F. Hillyard, both of Washington, D. C., for Ernest F. Elmhurst.

Ethelbert B. Frey, of Washington, D. C., for Robert E. Edmondson.

Harry A. Grant, of Washington, D. C., for E. J. Parker Sage and Garland L. Alderman.

Frank H. Myers, James A. Davis and Thomas X. Dunn, all of Washington. D. C., for Charles B. Hudson.

Elizabeth R. Young, of Washington, D. C., for William R. Lyman, Jr.

E. Hilton Jackson and John W. Jackson, both of Washington, D. C., and George Siefkin, of Wichita, Kan., for Gerald B. Winrod.

J. Austin Latimer, of Washington, D. C., and Albert W. Dilling, of Chicago, Ill., for Elizabeth Dilling.

Ben Lindas, of Washington, D. C., for George Sylvester Viereck.

Frank J. Kelly, of Washington, D. C., for Prescott F. Dennett.

P. Bateman Ennis and Arthur Carroll, both of Washington, D. C., for Gerhard Wilhelm Kunze.

Charles E. Morganston, of Washington, D. C., for August Klapprott.

Claude Thompson and William A. Gallagher, both of Washington, D. C., for Hermann M. Schwinn and Hans Diebel.

Joseph H. Bilbrey and Rees B. Gillespie, both of Washington, D. C., for Franz K. Ferenz.

George B. Fraser, of Washington, D. C., for Eugene N. Sanctuary.

L. J. H. Herwig, of Washington, D. C., for Peter Stahrenberg.

Ellis O. Jones, pro se.

LAWS, Chief Justice.

These cases are before me upon motions to dismiss, lately filed by permission of the Court.

Until yesterday, so far as the Court has been informed, the prosecution has been chiefly entrusted to O. John Rogge, Special Assistant to the Attorney General. On January 25, 1946, when the Court heard previous motions to dismiss, Mr. Rogge stated that in view of late decisions of the Supreme Court of the United States he felt doubtful as to whether a conviction of the defendants could be sustained Counsel explained this was his personal opinion, that the Department of Justice had not taken a position in the matter, and for this reason he was not at liberty to state its opinion. Two weeks later Mr. Rogge again appeared before the Court upon further hearings of the motions to dismiss. The Court asked whether he then was in a position to tell whether the prosecution wished to proceed with the case. The Court was requested to give the Government a reasonable amount of time to answer this question; however, on this occasion the Chief Prosecutor again stated that after considering Supreme Court decisions in comparable cases it was his personal view that it was doubtful whether a conviction would be sustained. The Court then took the question of dismissing the cases under advisement.

On March 1, 1946, while the matter was pending under advisement, counsel for the prosecution applied to the Court to postpone its rulings for a period of 30 days, alleging it was believed certain testimony might be available from witnesses in Germany which would directly establish guilt of certain of the defendants. When this application was presented it was stated the Attorney General wished to send Mr.

Rogge to Germany to make an investigation. Counsel for defendants objected. While unusual in the midst of a long pending criminal case to permit an investigation to endeavor to build up a doubtful case, I decided, because the charges were serious and access to possible evidence previously had been foreclosed by the war with Germany, I should permit time for the investigation. Accordingly, the prosecution was granted until April 30, 1946, a longer time than had been asked. A written memorandum filed by the Court granting this time stated that "On or before April 30, 1946, counsel for the prosecution will be expected to advise the Court in writing (copy to be sent to each defendant) whether prosecution of the cases is desired, also whether in his judgment, a conviction of defendants, if one is obtained, may be sustained under controlling decisions of the Supreme Court of the United States."

On April 30, 1946, a memorandum was filed by one of counsel for the prosecution, stating that prosecution was desired, "provided the prosecutor's investigation being presently conducted in Germany elicits additional evidence of guilt of defendants". This memorandum stated that the investigation had not been completed and that 45 days additional time would be required.

While I did not specifically grant the additional time to complete the investigation, it eventuated that Government counsel were able to secure this time, because it was not until May 18, 1946, that the motions to dismiss the indictments were overruled.

The case was called on September 20, 1946, for the purpose of setting a date for trial. On this occasion, Chief Prosecutor Rogge, being asked the third time in eight months the attitude of the prosecution, stated that there still remained in his mind the question whether there was sufficient evidence to meet the test of the Supreme Court cases. He said he had serious doubts on this point, as he previously had advised the Court, but that the Department of Justice wished to suggest a trial date in December. Mr. Rogge informed the Court that an analysis he had made of evidence found in Germany had been turned over to the Department of Justice the previous week. Inasmuch as Mr. Rogge on

three occasions, one after a lengthy investigation in Germany, had stated to the Court his serious doubts of a successful prosecution, a renewal of the motions to dismiss was permitted. The motions to dismiss now under consideration then were filed.

On yesterday, at the time of the hearing upon these motions, Mr. Rogge was not present representing the prosecution. Theron Lamar Caudle, Assistant Attorney General, for the first time entered his appearance in behalf of the prosecution. Mr. Caudle stated the Department wished to prosecute all of the cases and to have a date set for trial; that the Department did not share the doubts of Mr. Rogge. The Court requested Mr. Caudle to state his reasons why those now in charge had a different view from Mr. Rogge. In answer, Mr. Caudle made no statement of reasons. However, he offered to submit to the Court a trial brief which had been prepared and a written report of Mr. Rogge made to the Attorney General. Asked whether these documents would also be made available to the defendants, the prosecutor stated they would not. Counsel for defendants objected to the Court's examining the documents without copies being furnished them. The Court then informed counsel that by reason of the recent condemnation by the Conference of Senior Circuit Judges of the United States, at a meeting presided over by the Chief Justice of the United States, of the practice prevailing in some districts of trial judges' receiving from the prosecutor a brief or other documents not furnished opposing counsel, he was not in a position, over objection, to consider the trial brief and the report of Mr. Rogge.

■ The defendants have undergone before a Court and jury part of a trial which ended on November 29, 1944, by reason of the sudden death of the Presiding Justice. The prosecution was still in progress at the conclusion of this trial, which had been under way for eight months. Eighteen thousand pages of testimony were taken and 1100 documents were introduced in evidence. The prosecution was formally brought to a close on December 7, 1944. Beginning on December 9, 1944, and from time to time thereafter, various defendants have sought a speedy trial of their cases. For nearly two years such a trial has not been made possible for them. Their Constitutional right to a speedy trial has been denied.

■ I can reach no other conclusion than that there is a serious doubt as to the validity of these cases. More than eight months is an abnormally long time to be required by the prosecution to establish guilt in a clear case. One would expect convincing testimony of guilt to be fully adduced long before the expiration of such a length of time. When a retrial was in prospect, the Chief Prosecutor, who more than any other person is familiar with the cases, expressed his doubts as to sustaining a conviction, and because of these doubts made the unusual request for permission to hold the question of their retrial in abeyance until he could make further investigation into the facts. Not only two times before this request was made, but on one occasion lately, after a lengthy investigation had been completed in Germany, this Court asked the prosecution whether it desired to retry the cases; until yesterday, there was no answer that it did. If these defendants are guilty, it would seem that any serious doubt as to their guilt would be resolved in more than five years of intensive investigation by able counsel and investigators of the Department of Justice. If they were clearly guilty, the prosecution should have unwaveringly assured the Court to this effect at least upon completion of the investigation in Germany. Usually the Court will permit the prosecutor to decide whether he will bring a case to trial. But where it appears, as here, there is serious doubt as to the success of the case, and that the defendants, because of long delays granted over their objections, cannot obtain a fair trial the Court should exercise its discretion to deny prosecution. It would be both unjust and un-American to do otherwise.

■ The defendants have been before the Court upon these charges for nearly four and one-half years. All of them were brought here from other parts of the Country to stand trial. Because of the im-

poverished state of 18 of the defendants, they were represented by counsel not of their own choice but assigned by the Court to serve without compensation. As in all long delayed cases, the witnesses now are scattered; some are not accessible, more particularly to the defendants who are without funds; the memories of witnesses as to events occurring many years ago are not clear. It is for these reasons among others that the Constitution of the United States requires a speedy trial and that the Congress of the United States has imposed Statute of Limitations to prevent long delayed prosecutions. I do not see how these defendants now can possibly obtain fair trials.

Under the circumstances, to permit another trial, which conceivably would last more than a year, with new prosecutors and newly appointed counsel for defendants, with the eventual outcome in serious doubt, as Mr. Rogge has stated to the Court on three occasions, would be a travesty on justice. I have no doubt the cases should be dismissed and an order to that effect will be entered as to all defendants.

The question of terminating these cases is one of importance. If the dismissal I shall order is sustained, new prosecutions may not be started, because they will be barred by the Statute of Limitations. The Court feels that the prosecution should have opportunity, if so advised to take action by way of application to appellate courts to review my order dismissing the cases. While this seems to me to be possible after final judgments of dismissal, nevertheless in order to safeguard the interests of the prosecutor against any doubt, the final order of dismissal will not be entered by this Court until December 2, 1946.

The Court should and does acknowledge with gratitude the services of counsel who served in behalf of the defendants without compensation. Their sacrifices were extensive; their financial losses were great. Specifically the Court thanks for their services in these cases W. Hobart Little, Frank H. Myers, Elizabeth R. Young, J. Austin Latimer, M. Edward Buckley, Orville C. Gaudette, P. Bateman Ennis, John S. Hillyard, Ethelbert B. Frey, Harry A.

Grant, James A. Davis, Ben Lindas, Frank J. Kelly, Arthur Carroll, Charles E. Morganston, Claude Thompson, William Gallagher, Joseph H. Bilbrey, Rees B. Gillespie, L. J. H. Herwig, John B. Gunion and George B. Fraser.